**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.   EDCV 13-01584-VAP (SPx)                    Date:  September 10, 2013

Title:    LNV CORPORATION -v- KELLY L. RANDLE; FRED MITCHELL AND DOES 1 THROUGH X, INCLUSIVE
=================================================================
PRESENT:    HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                                      None Present
    Courtroom Deputy                                              Court Reporter

ATTORNEYS PRESENT FOR                          ATTORNEYS PRESENT FOR
PLAINTIFFS:                                                DEFENDANTS:

    None                                                                  None

PROCEEDINGS:      MINUTE ORDER REMANDING CASE TO CALIFORNIA SUPERIOR COURT, RIVERSIDE COUNTY (IN CHAMBERS)

    On June 7, 2013 LNV Corporation ("Plaintiff") filed a "Complaint in Unlawful Detainer" against Defendants Kelly L. Randle and Fred Mitchell ("Defendants"). (<u>See</u> Ex. A to EDCV 13-01584VAP(SPx) Not. of Removal.)  On September 3, 2013, Defendants removed the action on the basis of federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332. (<u>See</u> EDCV 13-01584VAP(SPx) Not. of Removal.)  On September 4, 2013 Defendants filed an Amended Notice For Removal. (<u>See</u> EDCV 13-01584VAP(SPx) Amended Not. of Removal.)  For the following reasons, the Court REMANDS the action to the California Superior Court for the County of Riverside.

    Removal jurisdiction is governed by statute.  <u>See</u> 28 U.S.C. §1441.  The Ninth

EDCV 13-01584-VAP (SPx)
LNV CORPORATION v. KELLY L. RANDLE; FRED MITCHELL AND DOES 1 THROUGH X, INCLUSIVE
MINUTE ORDER of September 10, 2013

Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

     Defendant alleges the basis for removal is federal question and diversity jurisdiction , 28 U.S.C. § 1331, 1332.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).  Without a federal question, there is no federal question jurisdiction.  Accordingly, the Court REMANDS this matter to the California Superior Court for the County of Riverside.

     **IT IS SO ORDERED.**